[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court, having heard the evidence and testimony regarding the plaintiff's Motion for Modification of Support, makes the following findings. CT Page 11031
The parties, pursuant to the judgment of dissolution dated May 13, 1991, were each made the custodial parent of one of their children. The defendant was the custodial parent of minor son Mark and the plaintiff was, and is, the custodial parent of minor son Bryan. The plaintiff contributed $150.00 per week as support for son Mark.
Since the original judgment, son Mark has reached the age of 18 and his parents are no longer obligated to provide for his support.
The plaintiff has moved to have the defendant increase his contribution for the support of minor son Bryan, who remains in the plaintiff's custody.
Having noted the parties financial affidavits, the court finds the plaintiff's total net weekly income to be $644.00 and the defendant's net weekly income to be $621.79 for a total net weekly income of $1,265.79. The support obligation for one 16 years old child in such a case is $325.00 per week.
The court finds the defendant's current support obligation to be substantially within the guidelines. The court finds that there does not exist a compelling reason to modify the existing support obligation of the defendant and further that no substantial change as required for any such modification has occurred since the date of the judgment.
For the foregoing reasons, the plaintiff's motion to modify upward the defendant's current support obligation for the benefit of his minor son Bryan is denied.
The court denies the plaintiff's motion for counsel fees in this matter.
BY THE COURT, DOHERTY, J. CT Page 11032